FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2010 NOV -3 PM 3:02

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ALIX LAINCY, )
)
    Plaintiff, )
)
v. ) CASE NO. CV409-098
)
CHATHAM COUNTY, GEORGIA, )
)
    Defendant. )
)

## O R D E R

Before the Court is Defendant's Motion for Summary Judgment. (Doc. 28.) The Court has invested significant resources in an attempt to rule on this dispositive motion, but finds the task wholly insurmountable given the present state of the pleadings. The Court cannot determine the claims and contentions of the parties even at this preliminary stage of litigation. Even if it could rule, this case could not proceed to trial on the basis of a complaint that fails to clearly specify the claims asserted. Therefore, the Court's only option is to exercise its " 'inherent authority' to act on its own and sua sponte direct a plaintiff to replead a complaint to provide a more definite statement of the claims." Hooper v. City of Montgomery, 482 F. Supp. 2d 1330, 1338 (M.D. Ala. 2007).

Plaintiff's First Amended Complaint "incorporates his original Complaint herein as if fully set forth." (Doc. 9,

Attach. 1.) This practice seemingly defeats the entire point of filing an amended complaint and, therefore, cannot be tolerated. Further, counts alleging "Violation of Plaintiff's Civil Rights Under Title VII" are impermissibly broad and provide neither the Court nor the opposing party with even a vague notion of the basis for the claim. Defendant's motion seeks summary judgment on one set of claims, and Plaintiff's response opposes summary judgment on at least one claim not even discussed in Defendant's motion. Consequently, this case cannot advance on the foundation of a complaint that is being treated as a wildcard by the parties.

Title VII affords employees broad protection in the workplace. Modern litigation must operate on the basis of a complaint that clearly and sufficiently states claims for relief and the basis therefore. Yet, Plaintiff should be advised against a "kitchen sink" style of employment litigation.[1] Simply asserting a multitude of claims falling within this Court's jurisdiction without properly asserting facts is not a best practice.

Finally, the parties are advised that motions must contain citations to aid the Court in deciding a case. Citations to the record should be to document and page numbers as assigned by the

---

[1] Federal Rule of Civil Procedure 11 applies to this case like any other, including the filing of a complaint. The Court will not hesitate to invoke its provisions.

Clerk of Court. S.D. Ga. L.R. 7.1. Motions responding to other motions should fairly track and respond to prior arguments in the order presented instead of taking a winding, overlapping, and unplanned discourse.

For the reasons above, Plaintiff is directed to file a Second Amended Complaint within **thirty days** of the date of this order.[2] Defendant must file an answer or other motion, including a motion to dismiss, within **thirty days** of the date Plaintiff's Second Amended Complaint is filed. Motions for summary judgment should be filed within **sixty days** of the date of Defendant's answer or this Court's ruling on Defendant's other responsive motion, whichever is later.[3] Defendant's Motion for Summary Judgment (Doc. 28) is **DISMISSED**.

SO ORDERED this 3RD day of November 2010.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] This pleading should be an independent document, omitting any reference to prior complaints. Specifically, Plaintiff is referred to Federal Rules of Civil Procedure 8(a)(2) and 10(b). Even if included in a complaint generally, facts should be restated under each claim for relief, where relevant.

[3] Should additional discovery be required, either party may request same from the Court.